IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN M. JOHNSON,            )<br>                                                      )<br>               Plaintiff,            )<br>                                                      )<br>vs.                                              )<br>                                                      )<br>URS CORPORATION, a Delaware )<br>corporation; WASHINGTON      )<br>HOLDINGS, INC., a Delaware   )<br>corporation,                               )<br>                                                      )<br>               Defendants.          )<br>_____) | Case No. 08-82-S-EJL-LMB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending is Plaintiff's Motion to Shorten Time for Response to Motion to Compel Payment of Attorney Fees and Costs Incurred and to be Incurred (Docket No. 16). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. INTRODUCTION

Plaintiff formerly held an executive position with Washington Group International ("WGI"). *See* Aff. of Stephen M. Johnson, ¶ 1 (Docket No. 15). In November 2007, WGI was acquired by Defendant URS Corporation ("URS"). *Id*. at ¶ 5.[1] Following the merger, Plaintiff

---

[1] According to Plaintiff, "WGI was acquired by URS through a merger agreement whereby URS's wholly owned subsidiary Bear Merger Sub, Inc. became the surviving corporation following the merger of WGI with another URS wholly owned subsidiary, Elk Merger Sub, Inc. Bear Merger Sub, Inc. formally changed its name to Washington Holdings, Inc. These series of mergers basically resulted in WGI being merged into URS . . . . *See* Aff. of Stephen M. Johnson, ¶ 5 (Docket No. 15).

**MEMORANDUM DECISION AND ORDER - 1**

left Defendants' employ, allegedly for good cause.  *Id*. at ¶ 7.  On February 18, 2008, Plaintiff filed his Complaint in this matter, alleging, among other things, that Defendants breached provisions of Plaintiff's Severance Agreement by failing to pay the severance owed under that agreement and that such failure to pay was also a violation of the Idaho Wage Claim Act.  *See* Complaint; *see also* Am. Complaint (Docket Nos. 1 & 2).

On May 2, 2008, Plaintiff filed a Motion to Compel Payment of Attorney Fees and Costs Incurred and to be Incurred (the "Motion to Compel") (Docket No. 12).  Plaintiff claims that, pursuant to Paragraph 7(a) of the above-referenced Severance Agreement, Defendants "are obligated to pay all attorney fees and costs incurred by Plaintiff associated with the interpretation, enforcement or defense of Plaintiff's rights in connection with any dispute arising under the Severance Agreement."  *See* Mem. in Supp. of Mot. to Compel, p. 3 (Docket No. 13).

Through Plaintiff's at-issue Motion to Shorten Time for Response to Motion to Compel Payment of Attorney Fees and Costs Incurred and to be Incurred (the "Motion to Shorten Time") (Docket No. 16), Plaintiff seeks an Order shortening the time for Defendants to respond to Plaintiff's Motion to Compel.

## II.  ANALYSIS

As grounds for the Motion to Shorten Time, Plaintiff asserts that he will "incur substantial hardship if he is required to continue to pay the attorney fees and costs incurred and, therefore, a swift resolution of this issue is necessary."  *See* Pl.'s Mot. to Shorten Time for Response to Mot. to Compel, p. 2 (Docket No. 16).  Notably, this argument is not supported by an affidavit from Plaintiff himself.  Likewise, the conclusory argument that Defendant gains a "tactical litigation advantage" in maintaining the Motion to Compel's current briefing schedule

**MEMORANDUM DECISION AND ORDER - 2**

is neither explained nor supported through a similar affidavit.  These factors, coupled with the nominal difference in the required twenty-one (21) day response time pursuant to Local Rule 7.1(c)(1) and the requested fourteen (14) day response time as proposed by Plaintiff, combine to reveal that the requisite good cause is not met.  Defendants' response to Plaintiff's Motion to Compel is therefore due on or before May 27, 2008.  Plaintiff is certainly permitted to file his reply as soon thereafter as he chooses.

### III.  ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Shorten Time for Response to Motion to Compel Payment of Attorney Fees and Costs Incurred and to be Incurred (Docket No. 16) is DENIED.



DATED:  **May 16, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**