IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-82-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| URS CORPORATION, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Stephen M. Johnson, initiated this action against Defendants URS Corporation and Washington Holdings, Inc., "alleging that Defendants had breached provisions of [a] Severance Agreement by failing to pay severance owed under the agreement and that such failure to pay was also a violation of the Idaho Wage Claim Act." (Memorandum in Supp. of Mot. to Compel at 3). Relying on certain provisions of the Severance Agreement, Plaintiff then filed a Motion to Compel Payment of Attorney Fees and Costs Incurred and To Be Incurred, seeking an order from the Court that would require Defendants to: (1) pay Plaintiff's attorneys' fees and costs statements that have been provided to the Defendants, (2) pay any future certified fee statements submitted by Plaintiff to Defendants, until the conclusion of this matter, and (3) provide Plaintiff with information regarding the creation of a trust for payment of future attorneys' fees and costs. (Pl's Mot. to Compel at 2). The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Discussion**

Plaintiff brings the Motion to Compel "pursuant to the Federal Rules of Civil Procedure and is based on the fact that the Severance Agreement at issue in this lawsuit expressly requires that Defendants pay Plaintiff's attorney fees incurred and to be incurred in any litigation related to the Severance Agreement." (Id.). Defendants oppose the motion and maintain that the Plaintiff improperly seeks to compel a monetary award based upon a contract dispute prior to amending the complaint to request declaratory and injunctive relief, and prior to securing a ruling in Plaintiff's favor as to the Defendants' duty to pay Plaintiff's present and future attorneys' fees under the Severance Agreement. In reply, Plaintiffs argue that the motion is proper under Federal Rule of Civil Procedure 54(d) and that Plaintiff is entitled to the requested relief.

Plaintiff notes that Federal Rule of Civil Procedure 54(d)(2)(B)(i) states that "the motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment." (See Pl's Reply at 3 (emphasis supplied by Plaintiff)). Plaintiff also notes that Federal Rule of Civil Procedure 54(d)(2)(B)(ii) provides that the motion for attorney's fees must "specify the judgment and the statute, rule or other grounds entitling the movant to the award." (See id. (emphasis supplied by Plaintiff)). Reading these two subsections together, Plaintiff concludes that "[t]herefore, under the provisions of the Federal Rules of Civil Procedure, this motion is properly before . . . the Court [and it] can make the legal determinations necessary to resolve the motion." (Id.).

There are several flaws in Plaintiff's argument that Federal Rule of Civil Procedure 54 authorizes the current motion. First, Plaintiff's motion is styled as one to compel and not as a motion for attorney's fees under Rule 54(d). As Defendants point out, the Federal Rules of Civil Procedure anticipate a motion to compel solely in the context of a discovery dispute. See e.g., Fed. R. Civ. P. 37.

More fundamentally, Plaintiff misreads Rule 54(d). Apparently, Plaintiff believes that the requirement set forth in Rule 54(d)(2)(B)(i), that a motion for attorney's fees "be filed no later than 14 days after the entry of judgment," means that a motion for attorney's fees also can be filed before a judgment is entered. The Court disagrees. What Rule 54(d)(2)(B)(i) actually indicates is that a

motion for attorney's fees must be filed <u>after</u> a judgment is entered <u>but no later</u> than 14 days after the entry of that judgment. This interpretation is confirmed by Rule 54(d)(2)(B)(ii) which requires a movant to identify the source of authority for an award of attorney's fees, "either a statute, rule or other grounds," <u>and</u> "the judgment." By listing the requirement that a movant specify the judgment <u>and</u> the authority for attorney's fees in the conjunctive, Rule 54 can only mean that a motion for attorney's fees must be filed subsequent to obtaining a judgment. <u>Doninger v. Pac. Northwest Bell</u>, 564 F.2d 1304, 1313 (9th Cir.1977) (explaining that where a federal rule of civil procedure is written in conjunctive language, all requirements of the rule must be met). It is no mistake, after all, that Rule 54 is entitled as "Judgment; Costs."

Significantly, the only authority cited by Plaintiff in support of his view that Rule 54(d) authorizes the Motion to Compel, also indicates that a plaintiff must secure a court ruling on the merits as a prerequisite to a motion for attorney's fees. The Plaintiff quotes Idaho Rule of Civil Procedure 54(e)(2)(A) as stating that "[i]n any civil action the court may award reasonable attorney fees . . . to <u>the prevailing party</u>."[1] (Pl's Reply at 2 (emphasis added)). Although the term "prevailing party" may be subject to slightly different interpretations under various statutory schemes, at a minimum it means that Plaintiff "is one who has been awarded some relief by the court." <u>P.N. v. Seattle School Dist. No. 1</u>, 474 F.3d 1165, 1169-70 (9th Cir. 2007) (quoting <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 603 (2001)); see also <u>Mihalka v. Shepherd</u>, 181 P.3d 473, 476-77 (Idaho 2008) (defining prevailing party under I.R.C.P. 54).

Here, Plaintiff has not prevailed on any claim asserted in regards to his alleged rights under the Severance Agreement. Nor has Plaintiff obtained a judgment in his favor. Accordingly, the Plaintiff's Motion to Compel Payment of Attorney Fees and Costs must be denied.

---

[1] The Court expresses no opinion as to whether the Idaho Rules of Civil Procedure would in fact supply the rule of decision on a motion for attorney's fees in federal court.

## ORDER

Based on the foregoing, the Court being fully advised in the premises it is **HEREBY ORDERED** that Plaintiff's Motion to Compel Payment of Attorney Fees and Costs Incurred and To Be Incurred (docket no. 12) is **DENIED.**

DATED:  **July 25, 2008**

_____
Honorable Edward J. Lodge
U. S. District Judge